## Compton *v.* Jefferson County Savings Bank.

### *Assumpsit.*

(Decided November 7, 1914.   66 South. 446.)

*Appeal and Error; Orders Appealable; Statutes.*—Where a case in the Law and Equity Court of Marengo County had not been set down for hearing on the pleadings alone, rulings on the pleadings were not reviewable on appeal taken under section .26, Local Acts 1909, p. 356.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Assumpsit by the Jefferson County Savings Bank against J. H. Compton. From rulings on the plead-ings adverse to defendant he appeals. Submitted on mo-tion to dismiss the appeal which was granted.

E. E. TAYLOR, for appellant. Counsel discuss the rul-ings on the pleadings, with citation of authority to the

[Compton v. Jefferson County Savings Bank.]

proposition that the various rulings were erroneous and prejudicial, but in view of the opinion, it is not deemed necessary to here set them out.

WILLIAM CUNNINGHAME, for appellee. Judgments on pleadings generally are not reviewable.—2 Enc. P. & P. 113; *Eslava v. Jones,* 79 Ala. 287. The right of appeal is purely a privilege and not a vested right.—Authorities supra. The setting down was not on the pleadings alone, and there was no final judgment, and hence, it was not such a setting down within the purview of §§ 26 and 42, Acts 1909, p. 339, as to support an appeal under § 28 thereof.—*Boone v. Riley,* 54 South. 997; *Kelly v. Griffin,* 165 Ala. 309. The appeal should, therefore, be dismissed.

McCLELLAN, J.—By section 26 of the act approved August 26, 1909 (Acts Sp. Sess. 1909, pp. 339, 356), to create and establish the Marengo law and equity court it is provided:

"That in all civil cases at law in the said Marengo law and equity court, the judge thereof may set down any case for hearing on the pleadings alone, and render judgment thereon in term time or during vacation, and from such judgment or ruling on the pleadings an appeal shall lie to the Supreme Court, to be taken within thirty days after such judgment or ruling is rendered or made; but nothing herein contained shall prevent such judgment from being assigned as error upon an appeal taken to said court after the final determination of said case, if an appeal shall not have been taken under this section."

Section 42, p. 362, contemplates that civil and other causes enumerated in the section shall be set down, by the court, for hearing and for the settling of the pleadings.

[Long v. Gwin.]

According to the letter of section 26, set forth above, it is a condition precedent to the right to appeal before final judgment in a civil case that the judge of the court set the case "for hearing on the pleadings alone."

The appellee moves this court to dismiss the present appeal, which is from rulings on pleadings only, because the presence of the just stated condition precedent is not shown by the record here. It does not appear from the record that the case had been set down by the judge for hearing on the pleadings alone, and that upon the hearing so ordered the rulings noted and urged for error were then made.. The motion is well taken. Manifestly it was not intended by the act that from every adverse ruling on the pleadings, in the ordinary course of trials of civil cases that had not been set down for hearing on the pleadings alone, there might be an appeal to this court. It is not to be for one moment conceded that the lawmakers intended to write into law such a mockery of the administration of justice in the county of Marengo.

The motion to dismiss is sustained, and the appeal is dismissed.

Appeal dismissed.

